IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORMAN PRODUCTS, INC.,<br><br>           Plaintiff,<br><br>v.<br><br><br>TODD CARDELLO,<br><br>           Defendant. | CIVIL ACTION<br>NO. 25-4249 |

### ORDER

**AND NOW**, this 7th day of October 2025, upon consideration of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 2), Defendant's Response in Opposition to the Motion (Doc. No. 29), Plaintiff's Reply in Further Support of its Motion (Doc. No. 42), the arguments of counsel for both parties at the evidentiary hearing on the Motion held on September 10, 2025, and the parties' supplemental briefs (Doc. Nos. 58, 59), it is **ORDERED** that Plaintiff's Motion for a Preliminary Injunction is **GRANTED** for the following reasons:

1. Specific facts outlined in the Complaint (Doc. No. 1), the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2), and supporting declaration/exhibits filed with such Motion, and the testimony at the hearing held on the Motion on September 10, 2025 demonstrate that Defendant's breach of contract and threat to engage in unfair competition would irreparably harm Plaintiff's competitive position and customer goodwill by exposing to use and/or disclosing Plaintiff's confidential and competitively sensitive go-to-market, pricing, margin and other information and strategies – losses for which

monetary damages will not compensate Plaintiff.

2. Plaintiff is likely to succeed on the merits of both of its claims.[1]

3. The balance of the equities in this matter favors the entry of relief sought because Plaintiff has shown that it would suffer more harm in the absence of this Order than Defendant will suffer as a result of this Order. The only inconvenience to Defendant arises from fulfilling his existing obligations, supported by significant consideration, to work in a different industry or with a non-competitive company for a limited period. But TrakMotive has agreed to fully indemnify Defendant and to compensate him at the amount of his regular salary for the duration of his non-compete period.

4. It is in the public interest to issue this Order because the public benefits of enforcing contracts, respecting employment agreements, and protecting the legitimate interests of businesses outweigh any claimed burden of Defendant

---

[1] In its Complaint, Plaintiff asserts two claims: Breach and Anticipatory Breach of Contract (Count I) and Unfair Competition (Count II). (Doc. No. 1.) Plaintiff is likely to succeed on the merits of both claims. Likelihood of success on the merits requires only "a reasonable probability of eventual success." See Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017).

Plaintiff is likely to succeed on Count I because Plaintiff and Defendant entered into valid, enforceable covenants in which Defendant acknowledged his access to substantial confidential information and agreed not to be employed by or provide services to a business in competition with Plaintiff for a period of time following any employment separation or to use or disclose Plaintiff's confidential information. The agreements were executed in exchange for significant consideration, including the Defendant's employment with the Plaintiff and access to confidential information and customer relationships as well as substantial equity awards. Defendant has since acknowledged preparing to imminently begin employment with TrakMotive Global Industries, Inc. ("TrakMotive"), a direct competitor of Plaintiff, thereby violating the unambiguous terms of the non-competition covenants.

Plaintiff is likely to succeed on Count II because Plaintiff has admitted to imminent employment with TrakMotive, and by virtue of his employment with Plaintiff, Defendant inevitably will disclose or at least use Defendant's competitive information.

complying with his contractual obligations.

Thus, until further Order of the Court it is Ordered that:

1. As of 4:00 p.m. on October 7, 2025, Defendant Todd Cardello is **PRELIMINARILY ENJOINED** from being employed by or otherwise providing services to TrakMotive Global Industries, Advanced Innovative Technology Corporation, or any other parent, subsidiary, or affiliated entity of TrakMotive Global Industries or Advanced Innovative Technology Corporation, which shall continue in effect pending the final resolution of this matter.

2. As of 4:00 p.m. on October 7, 2025, Defendant Todd Carello is **PRELIMIARILY ENJOINED** from using or disclosing confidential information of Plaintiff, which shall continue in effect pending the final resolution of this matter.

3. Plaintiff's $14,000 bond shall remain in effect.

DATE: October 7, 2025  
TIME: 4:00 p.m.  
BY THE COURT:

/s/Joel H. Slomsky  
JOEL H. SLOMSKY, J.